## WELLS *a*. JONES.

*Supreme Court, First District; General Term, June,* 1855.

SUPERSEDEAS. ORDER OF ARREST AND EXECUTION AGAINST
THE PERSON.

An application for an order of supersedeas, (under 2 Rev. Stats., 556, §§ 36, 37), may
be made to a judge of the first district, although the action is triable elsewhere.—
*Mitchell J. dissenting.*

It is a motion which is excepted from the operation of § 401 of the Code, by § 471.

Where the plaintiff had the defendant arrested at the commencement of suit, and
allowed him to remain in custody more than two years after judgment, but under
the original order, and without issuing execution,—*Held*, that the plaintiff's course
was in fraud of the law, and the defendant was entitled to an order of supersedeas.

An order of supersedeas is appealable from the special to the general term.

Appeal from an order granting writ of supersedeas.

The plaintiff brought his action, and recovered judgment, in
the county of Schoharie. At the commencement of the suit
he obtained an order of arrest, under which the defendant was
taken, on the 6th January, 1852, and held to bail. After the
plaintiff obtained judgment, no execution having been issued,
the defendant's bail surrendered him, and on 19th July, 1854,
were exonerated. On the 30th January, 1855, on application
of the defendant, a judge of the first district granted an order
to show cause why a writ of supersedeas should not be allowed.
A supersedeas having been ordered, the plaintiff appealed to
the general term.

*W. Wells*, for plaintiff.

*Sandford & Danforth*, for defendant.

COWLES, J.—By 2 Revised Statutes, 556, sections 36 and 37,
the defendant was authorized to apply to "any judge of the
court" for the order of supersedeas here asked for; and not-
withstanding the provisions of section 401 of the Code, I think
he may do so still, and make his application in the first dis-
trict, although the venue in the action is elsewhere.

The right to apply for such supersedeas, under the Revised

Statutes, as above stated, was an " existing statutory provision" when the Code took effect, *relating to the action* in which such motion was made, was not " inconsistent" with the Code, and in substance was applicable to the actions provided for in the Code. The right to apply for such supersedeas exists still, but by virtue of the Revised Statutes above, it being no where provided for in the Code. But it is a *provision relating to the suit;* and in the above view of it, is, by section 471, as it seems to me, excepted from the operation of section 401. Besides, I see no reason why it is not a " proceeding" in the original suit, within the meaning of section 471, and so one of those " proceedings" excepted by that section, since the authority for the proceeding is contained in part III, chapter 8, of the Revised Statutes ; and being so, is especially excepted by that section from the provisions in section 401 of the Code.

A good reason for such exception may be found in the fact, that when a party is imprisoned, and wishes to ask for a supersedeas, if he is compelled to make his application in any particular county or district, he may, in many counties except this, be compelled to remain in jail, oftentimes for months, before " any judge of the court" could be found to whom to make the motion. A construction which would or might operate so seriously in restraint of the liberty of the citizen, should not be adopted, unless the intent of the statute is too clear to allow of a different interpretation. Taking the above-mentioned sections of the Revised Statutes, and sections 401 and 471 of the Code, all together, I think it obvious that the motion was properly made here. The making of that motion, the particular judge to whom, and the place where it should be made, are all left by section 471 where the Revised Statutes left them, just as the other class of proceedings in such sections were also thereby left, unaffected by part II. of the Code, also; this being a *proceeding* provided for specially by part III.

Chapter 8, of the Revised Statutes—the provision that the motion might be made to " *any* judge of the court,"—was just as much an essential part of the proceeding as was the ability to make the motion at all within the meaning of the reservations in section 471 of the Code.

But while such is the intent and fair construction of section

471 of the Code, yet the order made in the motion is just as much subject to review, on appeal to the general term, as are motions made in foreclosure, partition, admeasurement of dower, and the various other classes of cases also specially excepted by the same section from the second part of the Code, and for the same reasons. The motion and the appeal are both regular.

This brings us to the merits.

The order of arrest was made January 2, 1852, and at the commencement of the suit.

The defendant was actually arrested January 6, 1852.

Judgment was perfected May 25, 1852.

His bail surrendered him November 25, 1853.

Order to exonerate the bail was made on notice to plaintiff, July 19, 1854.

Order to show cause why supersedeas should not be granted, made January 30, 1855.

No execution on the judgment issued, until February 10, 1855.

Supersedeas ordered February 19, 1855—and the appeal from that order is the case before us.

The object of the arrest of a party on suit being commenced, is not to punish the defendant, but to insure his person to answer, in case of ultimate execution against his body; and that being the case, there is no reason why, if an arrest is granted in the first stage of the action, the plaintiff should not be held to proceed, and either issue an execution against his person, if the pleadings show it to be a proper case for such process, or be compelled to ask for such process, if application to the court is required, within a reasonable time after judgment.

The plaintiff caused the arrest to be made on January 6, 1852. In May succeeding he had judgment. The complaint alleged no fraud or other matter on which an execution against the person could be issued, and the plaintiff was, therefore, if he wished to issue execution against the body, required to make special application to the court. He did not do so, but left the defendant from May, 1852, to February, 1855, in custody, under the original order of arrest. The Code has

provided no way in which the defendant (after he has put in justification of bail, under the original order of arrest) can by any motion of his own, procure a discharge from the arrest; and as the plaintiff refused, or at least neglected to apply for his execution against the person of the debtor, the only thing the defendant could do was to be surrendered by his bail into actual custody, have his bail exonerated, and then apply for a supersedeas of the order of arrest, after the proper time had elapsed. (2 *Rev. Stats.*, 556, §§ 36, 37.)

Had the plaintiff applied, as he should have done, for execution against the person, the defendant could, on that motion, have controverted the plaintiff's charges; and then the court, on a full consideration of the whole case, could have discharged the defendant, if the facts warranted; or if the plaintiff had caused his imprisonment under execution, he could have applied for his discharge under the Imprisoned Debtor Act. But none of these chances were afforded the defendant. Having succeeded in getting him arrested, so that he could have execution against his person, if the facts justified it, the plaintiff neglected to take any step under his judgment, from its rendition in May, 1852, until February, 1855—and all this time keeps the defendant in custody, under the original order of arrest. Such a proceeding on the plaintiff's part I cannot regard otherwise than as in fraud of the law, and tending only to injustice and oppression. Having slept for nearly three years upon his rights, he awakes at last, only when the defendant, by this long and tedious process of surrender, by his bail, &c., has placed himself where he can ask the court to supersede the original order for his arrest; and the plaintiff now informs the court, when called upon to show cause why that order should not be superseded, that, after a delay of nearly three years, he has at the last moment issued an execution against the defendant's property, and if the court will hold him in jail for two months longer, till his execution is returned, he will then ask the court to grant him an execution against his person.

The excuse is not sufficient, and the request cannot be granted. This long delay to proceed has been oppressive, and in fraud of the process of the court. The plaintiff had no right,

if he wanted to resort to process against the person of the defendant, to hold him nearly three years after judgment, under that original order of arrest; and for such delay has forfeited all right to the favor of the court. He says he did not have notice of the surrender of defendant by his bail. Perhaps that is so; but he did have notice of the exoneration of the bail, which was based upon proof of the surrender having been made, and knowledge of the exoneratur almost necessarily, as one would suppose, carried with it knowledge of the surrender.

The order appealed from must be affirmed, with costs.

CLERKE, J.—I am still inclined to the opinion, that this application is excluded from the operation of section 401 by the terms and spirit of section 471, and that the particular provisions contained in sections 36 and 37 of title 17, ch. 8, part III. of the Revised Statutes (2 *Rev. Stats.*, 556, *marg. p.*), are not "plainly inconsistent with the Code." The defendant being in custody of the sheriff of this court, it never could have been intended by section 401 of the Code that he should be compelled to apply for relief to a justice in the western part of the State, after the action was determined by judgment, merely because the place of trial was there.

MITCHELL, J. dissenting.—The defendant made application to a justice of the first district for a supersedeas to discharge him from custody, he having been surrendered by his bail after judgment, and the plaintiff not having charged him in execution within three months after the surrender. The application was made under 2 Revised Statutes, 556, sections 36 and 37. Section 37 authorizes the supersedeas to be allowed by *any judge* of the court in which such judgment shall have been obtained, *unless* good cause to the contrary be shown. So it is to be on motion, and on notice to the plaintiff, who may show cause against the discharge, even "if the plaintiff neglects so to charge the defendant in execution." (§ 37.)

As the supersedeas may be allowed by *any judge* of the court, it would be immaterial whether it were applied for

before a judge of the district where the place of trial is laid, or a judge of any other district, if the Code do not restrict the defendant more than the Revised Statutes did. The Code (§ 401) provides that "no motion can be made in the first district in an action triable elsewhere." It has been held, in one instance at least, in another district, that this cuts off the jurisdiction of the court; so that an order made even by the general term of this district, staying proceedings after judgment, when the place of trial was in another county, was pronounced a nullity. The section does not curtail the powers or jurisdiction of the court, it merely restricts the rights of *parties* to the suit as to the place where they shall be allowed to make a motion. It is " that no motion can be made in the first district," &c.— not that the court in the first district shall have no jurisdiction. That court had general jurisdiction before, and it is not to be taken away except by the clear and express declaration of the legislature. The most inconvenient results would follow, if this distinction between the powers of the court and the rights of parties should be overlooked.

Motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable, except that when the action is triable in the first judicial district, the motion must be made therein. (§ 401). This is imperative, as " no motion can be made." If it takes away jurisdiction of all motions, unless they are made in the proper district, then orders may be made in other districts, discharging defendants from execution—the plaintiff not objecting that they are not made in the proper county—and the sheriff may obey the order, and be liable in damages. Injunctions may be so granted on motion and disobeyed, and the culpable party be protected, and answer the court, that it had no jurisdiction, and therefore he treated its order with contempt.

Consent cannot give jurisdiction—but if the parties do not object that the motion is not made in the proper district, the order is just as valid as a judgment would be where the trial was in a wrong county, and the parties assented to the trial there, or did not raise the objection. Here the plaintiff does object, and the question must be decided, whether such a proceeding as this is included in the motions mentioned in section

401 of the Code. Section 400 declares that every direction of a court or judge, made or entered in *writing*, and not included in a judgment, is an order; and section 401, that an application for an order is a motion. This defendant did apply to the judge for his direction, to be made in writing, allowing the supersedeas. That application was a motion within the express definition of section 400. Neither that section nor section 401 makes any distinction whether the motion is made before or after judgment.

Orders on summary applications after judgment are included among those that are appealable from the special to the general term, (§ 349, *subd.* 5), and the motions on which they are made are generally included in section 401. It is necessary to add, that the general restriction in section 401 cannot apply, when by special provision of law the place where the motion is to be made is prescribed in a particular case. For instance, under section 292, as to supplementary proceedings after execution, the judgment debtor is to be required to appear and answer before the judge, at a place within the county to which the execution issued; and that county must be the place of residence of the debtor. If therefore the debtor resides in the first district, the application for the order can be made only in that district; or if made in another district, the judge must appoint the place of hearing to be in that district. So, on proceedings under the non-imprisonment act, the debtor is to be brought before the judge of the county where he may be arrested. This must be so, even although the place of trial be in another county.

If the Revised Statutes had directed this proceeding to be heard before the judge where the defendant was in execution, the special provision would have controlled the general language of section 401 of the Code, and this would be the proper place to make the motion. It would have been clear that the legislature had an object in designating the place of hearing which was peculiar to this case, and so not to be affected by mere general expressions, although in a subsequent act.

The defendant, however, insists that as this proceeding is under Part III., Chapter 8, Title 17, of the Revised Statutes, the Code has no application to it, by section 471. That section

is, that the second part of the Code (including § 401) shall not affect proceedings upon mandamus or prohibition, nor appeal from Surrogate Courts, &c., nor any proceedings provided for by chapter 8, of the third part of the Revised Statutes, excluding titles 2 and 12, except that when in consequence of any such proceeding a civil action shall be brought, such action shall be conducted in conformity to this act ; and except also, that when any particular provision of the titles and chapters enumerated in this section shall be plainly inconsistent with this act, such provision shall be deemed repealed.

There is a particular provision in the chapter of the Revised Statutes under which this proceeding is instituted, authorizing a motion for the allowance of a supersedeas, to be heard before any judge of the court, without regard to the place of trial, but that is plainly inconsistent with the Code, which forbids motions being made in the first district, when the action is triable elsewhere.

The appeal is within time, as no written notice of the order appealed from was served. (*Code*, § 332).   It affects a substantial right; the right of the defendant to his discharge, and the right of the plaintiff to detain him in custody, to secure the payment of his debt.  (*Code*, § 349, *subd.* 5).  A remedy allowed by law, as a means of obtaining the payment of a debt, is a right.

The order appealed from should be reversed, without costs, and without prejudice to the defendant's renewing his motion in the proper district.