By the Court.—Monell, J.
At the time of entering judgment, in the action against Wildey, he was in the actual custody of the sheriff, under the order of arrest; and as the execution against his person was not issued until more than seven months after the entry of judgment, and after the intervening of several terms of the court, it is claimed that an action does not lie against the bail.
The provision of the statute (2 R. S. 556, § 36) is, that when a defendant, at the time judgment shall be entered against him, shall be in the custody of the sheriff upon process in the suit, the plaintiff shall charge such defendant in execution, within three months after the last day of the next following term. And if he neglect so to do (section 37) such defendant may be discharged from custody, by a supersedeas; and after being so discharged, he shall not be liable to be arrested upon any execution upon the judgment.
In this case no supersedeas was obtained from the court discharging the defendant, but about a month after judgment was entered, he gave bail and was thus discharged.
The engagement of the defendants who signed the undertaking in suit, was, that the defendant should, at all times', render himself amenable to the process of the court, &c. And a provision of the Code exonerates bail, by the legal discharge of their principal from the obligation to render Mmself amenable to process. (Code, § 191).
*26 Tne question then arises, could the defendant be arrested on execution upon the judgment ? If he could not be, then the bail are discharged.
The section of the Eevised Statutes to which I have referred, seems to require in all cases a supersedeas to be allowed by a judge of the court, as the means of procuring a discharge, and it would seem to be only after such a discharge, that the defendant is exempted from arrest upon execution. The defendant in the judgment was discharged from the arrest by giving-bail ; and when the three months, after the end of the next term, following the entry of judgment, had expired, he was no longer in the custody of the sheriff, and the provision of the statute would, probably, have no application, and a supersedeas would not be granted. The office of that writ is to stay proceedings at law, so that no further action can be taken upon the judgment; or, as declared by the statute, rendering the defendant no longer liable to arrest upon it.
The purpose of the statute is, to enable an imprisoned debtor to avail himself of the provisions of the statute concerning voluntary assignments, by, a debtor imprisoned in execution in civil cases (2 R. S. 31) whereby he may be discharged from imprisonment, by compelling the creditor, within a fixed time, to sue out an execution against the person of his debtor ; or if he failed to do so, to have his right taken away by a super- , sedeas at the instance of the debtor.
It is clear, however, that the - defendant must be in the actual custody of the sheriff, under process in the action, at the time judgment is rendered. And I think it is also clear, that he must be and remain in such actual custody, until the expiration of the time limited for charging him in execution. Indeed, if he be not in custody at that time, I do not see how the court could relieve him under the statute, which, in that event, *27 would be satisfied by Ms mere custody at the moment judgment was entered, although released on bail immediately afterwards. Such I understand to-be the construction of the. statute in Wells v. Jones, 2 Abb. Pr. 20, where the court say, the defendant being at large on bail, “.the only thing he could do was to be surrendered by Ms bail into actual custody, and then apply for a supersedeas after the proper time had elapsed.”
It seems to me, therefore, that the defendant could not have had a supersedeas after he was discharged on bail, unless he had been first surrendered by his bail, and then had remained in" custody the proper time.
But however that may be, there cannot, I think, be a doubt that until discharged from custody by a supersedeas the defendant remained liable to be arrested upon an execution upon the judgment. Such a discharge would have exonerated his person from arrest, and relieved Ms bail, and might have been set up as a defense to the action against them. But it will not do for the bail to merely show a state of facts which might have procured a supersedeas. Nothing short of a supersedeas actually obtained, will exonerate the defendant or his bail. The defendant not having obtained such supersedeas, his bail was bound to render Mm amenable to the process of the court. The execution against his person was properly issued, and upon its being returned not found, the bail are liable. Section 288 of the Code, as amended in 1870, may be regarded as a substitute for the section in the Revision. But it does not make any essential change nor aid the defendants, even if it could be applied to this case.
Á careful examination, of the statute has changed my first impressions, wMch were favorable to the defendants.
The exceptions must be sustained, the order dismissing the complaint set aside, and a new trial granted, with costs to the plaintiff'to abide the event.